# No. 14-1416

## IN THE
## UNITED STATES COURT OF APPEALS
### FOR THE FEDERAL CIRCUIT

---

FERRING B.V.,

*Plaintiff-Appellee*,

v.

WATSON LABORATORIES, INC. – FLORIDA,

*Defendant-Appellant*,

APOTEX INC. AND APOTEX CORP.,

*Defendants*.

---

**Appeal from the United States District Court for the District of Nevada
in case nos. 3:11-cv-00481-RCJ-VPC, 3:11-cv-00485-RCJ-VPC, 3:11-cv-00853-RCJ-VPC, 3:11-cv-00854-RCJ-VPC, 3:12-cv-01953-RCJ-VPC and 2:12-cv-01941-RCJ-VPC
Judge Robert C. Jones**

---

**MOTION TO STAY THE BRIEFING SCHEDULE PENDING ENTRY OF THE DISTRICT COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW**

---

JAMES B. MONROE
PAUL W. BROWNING
JUSTIN J. HASFORD
MARY E. CHLEBOWSKI
FINNEGAN HENDERSON FARABOW
   GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

*Counsel for Plaintiff-Appellee
Ferring B.V.*

**CERTIFICATE OF INTEREST**

Counsel for Appellant Ferring B.V. certifies the following:

1. The full name of every party or amicus represented by me is:

    Ferring B.V.

2. The name of the real party in interest represented by me is:

    Ferring B.V.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me are:

    Ferring Holdings S.A.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

| | |
|---|---|
| James B. Monroe | Molly M. Rezac |
| Paul W. Browning | Justin J. Bustos |
| Justin J. Hasford | **Gordon Silver** |
| Mary E. Chlebowski | 100 W. Liberty St. |
| Christopher Lee McDavid | Suite 940 |
| Larry Ilag | Reno, NV 89501 |
| Maureen D. Queler | (*formerly of*) |
| Denise Main | **Jones Vargas** |
| Rebecca Duttry | 300 E. Second St. |
| **Finnegan, Henderson, Farabow,** | Suite 1510 |
| **Garrett & Dunner, LLP** | P.O. Box 281 |
| 901 New York Ave. NW | Reno, NV 89504 |
| Washington, DC 20001-4413 | |

i

I.  **INTRODUCTION**

In its judgment of infringement against Watson entered April 14, 2014, the district court stated that its findings of fact and conclusions of law ("Findings") would issue separately. Approximately two weeks later, on April 30, 2014, the district court ordered a status hearing in this action, further indicating that its judgment did not finally resolve all of the issues in this case and that it intends to enter its Findings. Appellant Watson Laboratories, Inc. – Florida ("Watson") nevertheless filed its opening appeal brief on May 1, raising numerous fact-intensive issues, inviting this Court to decide disputes over infringement and validity in the first instance and without the benefit of the Findings the district court intends to issue. Appellee Ferring B.V. ("Ferring") therefore respectfully asks the Court to stay the briefing schedule pending entry of the district court's Findings.[1]

II.  **BACKGROUND**

On March 5, 2014, the district court held a hearing to decide numerous post-trial motions filed by Watson. During the hearing, the district court indicated that it would enter a judgment of infringement and an injunction against Watson immediately after receiving Ferring's proposed order and judgment as agreed upon in the hearing. Ex. 1. Following the hearing, Ferring submitted the requested

---

[1] In compliance with Fed. Cir. R. 27(a)(5), Ferring notified Watson and sought consent for the present motion. Watson stated that it will oppose the motion.

proposed judgment and proposed findings and conclusions. Ex. 2. On the 7th and 10th of April, Watson contacted the district court, inquiring as to the status of its judgment and opinion, which had not yet issued. Ex. 3. On April 14, the district court entered judgment under seal against Watson and stated that its Findings would issue separately. Ex. 4.

Accordingly, Ferring assumed that the district court's Findings would follow the judgment. But later, having not received the Findings, Ferring made efforts to determine whether the Findings had been sealed without provision to Ferring, and even filed an emergency motion with the district court on April 30, 2014, seeking all documents, including the Findings, associated with the district court's judgment. Ex. 5. That same day, the district court ordered a status hearing for May 28, indicating that its earlier judgment did not finally resolve all of the issues and that it still intends to take further action, including entering its Findings. Ex. 6. On May 1, Watson filed its appeal brief, which raises numerous fact-intensive issues, inviting this Court to decide disputes over infringement and validity in the first instance. *See, e.g.*, D.I. 27 at 2-3.

## III. ARGUMENT

The Court should stay the briefing schedule and reset the date of oral argument pending entry of the district court's Findings, which will guide this Court and the parties as to the proper issues on appeal. *See, e.g.*, D.I. 27 at 2-3 (raising

six fact-intensive issues without the benefit of the district court's Findings). The district court stated in its April 14 judgment that it would issue its Findings separately, and its recent ordering of a status conference further indicates that it intends to take additional action, including entering these Findings. *See, e.g.*, *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1449-50 (Fed. Cir. 1988) (finding that a district court maintained jurisdiction, despite the filing of a notice of appeal, to subsequently enter its written findings and conclusions where the district court "expressly stated" that it would do so and where such findings and conclusions would "aid" the Court's appellate review). In fact, both parties anticipate the entry of Findings. *See* Ex. 7 (reserving pages for the district court's Findings).

Ferring thus respectfully requests that the Court stay the current appeal pending the district court's entry of its Findings.[2] Ferring acknowledges that Watson should be allowed an opportunity to update its opening brief once the district court enters its Findings. Moreover, Watson will not be prejudiced by this brief stay of the appeal because in its April 28, 2014, order, this Court stayed the district court's judgment pending resolution of the present appeal.

## IV.  CONCLUSION

For the foregoing reasons, Ferring respectfully asks the Court to stay the briefing schedule pending entry of the district court's Findings.

---

[2] In the alternative, Ferring respectfully asks the Court to vacate the appeal pending the entry of the district court's Findings.

                      Respectfully submitted,

May 6, 2014                  /s/ Paul W. Browning
                                  JAMES B. MONROE
                                  PAUL W. BROWNING
                                  JUSTIN J. HASFORD
                                  MARY E. CHLEBOWSKI
                                  FINNEGAN HENDERSON FARABOW
                                  GARRETT & DUNNER, LLP
                                  901 New York Avenue, NW
                                  Washington, DC 20001-4413
                                  Tel:  (202) 408-4000
                                  Fax:  (202) 408-4400

                                  *Counsel for Plaintiff-Appellee*
                                  *Ferring B.V.*

# CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing **MOTION TO STAY THE BRIEFING SCHEDULE PENDING ENTRY OF THE DISTRICT COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW** using the Court's CM/ECF filing system. Counsel registered with the CM/ECF system have been served by operation of the Court's CM/ECF SYSTEM per Fed. R. App. P. 25 and Fed. Cir. R. 25(a) on this 6th day of May 2014.

CHRISTOPHER J. SORENSON
RACHEL C. HUGHEY
MERCHANT & GOULD PC
3200 IDS Center, 80 South 8th Street
Minneapolis, MN 55402

B. JEFFERSON BOGGS
MATTHEW L. FEDOWITZ
MERCHANT & GOULD PC
1701 Duke Street, Suite 310
Alexandria, VA 22314

*Attorneys for Defendant-Appellant Watson Laboratories, Inc.-Florida*

/s/ Geneva J. Eaddy